FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 5 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

PLAINTIFFS UNDER SEAL,

        Plaintiffs,

v.

DEFENDANTS UNDER SEAL.

        Defendants.

---

Jury Trial Demanded

CIVIL ACTION NO. 1:13-CV-4172-RWS

FILED UNDER SEAL

---

## PLAINTIFFS' AMENDMENT TO COMPLAINT FOR FALSE CLAIMS ACT VIOLATIONS UNDER 31 USC SECTION 3729 ET SEQ AND O.C.G.A. SECTION 49-4-168.1 ET SEQ AND DAMAGES

**Michael P. Pryor, Esq.**
**Michael P. Pryor, P.C.**
**333 Sandy Springs Cir, NE**
**Suite 205**
**Atlanta, Georgia 30328**
**404.236.2432**
**404.236.2437 (fax)**
**Michael.pryor@ridleyandpryorlaw.com**

**Attorney for Relator**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 15 2015

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

THE UNITED STATE OF AMERICA,
by and through its relator, SHERALYN
CHISHOLM, THE STATE OF
GEORGIA, by and through its relator,
SHERALYN CHISHOLM, AND
SHERALYN CHISHOLM,
individually,

          Plaintiffs,

v.

UNIVERSAL HEALTH SERVICES
INC.; UHS OF DELAWARE, INC.,;
UHS OF PEACHFORD, L.P., d/b/a,
Peachford Behavioral Health System of
Atlanta; UHS OF GEORGIA, INC. and
UHS OF GEORGIA HOLDINGS,
INC.

          Defendants.

Jury Trial Demanded

CIVIL ACTION NO. 1:13-CV-4172

## AMENDMENT TO COMPLAINT FOR DAMAGES

COMES NOW, PLAINTIFFS, THE UNITED STATES OF AMERICA, by

and through its relator SHERALYN CHISHOLM, THE STATE OF GEORGIA,

by and through its relator SHERALYN CHISHOLM and SHERALYN

CHISHOLM, individually, and hereby file this their amendment to the Complaint

for Damages against Defendant(s) UNIVERSAL HEALTH SERVICES, INC.;

1

UHS OF DELAWARE, INC.; UHS OF PEACHFORD, L.P., d/b/a, Peachford Behavioral Health System of Atlanta; UHS OF GEORGIA, INC., and UHS OF GEORGIA HOLDINGS, INC., *as follows*:

1.

Plaintiffs file this amendment to their complaint for damages filed in this Court under seal on or about December 17, 2013, to add the STATE OF GEORGIA, by and through its relator SHERALYN CHISHOLM, and claims under O.C.G.A. Section(s) 49-4-168.1 & 168.4 et seq. as the same arose out of the same transactions and conduct described in the original complaint and the STATE OF GEORGIA, by and through its relator SHERALYN CHISHOLM, is being added as a real party in interest prior to the lifting of the seal on this matter and prior to any formal service upon the Defendants, and prior to the expiration of any applicable statute of limitation, thus there is no prejudice to any party to this action and justice so requires the addition of these parties and claims set forth herein and the same is being added in due course prior to service.

2.

Plaintiffs the United States of America by and through its relator, *ex rel.*, Sheralyn Chisholm, the State of Georgia, by and through its relator, *ex rel.*, Sheralyn Chisholm and Sheralyn Chisholm, individually, bring this action on behalf of the United States of America pursuant to 31 USCA Section 3730(b)(1),

2

on behalf of the State of Georgia pursuant to O.C.G.A. Section 49-4-168.1, *et seq*. and Plaintiff Sheralyn Chisholm, individually brings her claims of retaliation pursuant to the all applicable federal and state (Georgia) statutes, including the Federal False Claims Act (31 USC Section 3730(h) and State False Medicaid Claims Act, (O.C.G.A. Section 49-4-168.4 *et seq*.).

3.

The individual Plaintiff and relator, Sheralyn Chisholm, is a citizen of the State of Georgia and resides in DeKalb County, Georgia.

4.

Defendant Universal Health Services Inc., is a Delaware Corporation, and is transacting business in the State of Georgia directly and/or through one or more of its subsidiary entities, and plaintiffs will seek leave to amend their complaint to join or to substitute related corporate entities as may become appropriate. Defendant Universal Health Services Inc.'s business is owning, operating and employing staff, through its subsidiaries, for certain hospitals, including behavioral health centers, including Peachford Behavioral Health System of Atlanta ("Peachford-Atlanta") located at 2151 Peachford Road; Atlanta, Georgia 30338.

5.

Defendant UHS of Delaware, Inc., is a Delaware Corporation, and is authorized to transact business in the State of Georgia directly and/or through one

3

or more subsidiary entities, and plaintiffs will seek leave to amend their complaint to join or to substitute related corporate entities as may become appropriate. Defendant UHS of Delaware, Inc.'s business is owning, operating and employing staff, through its subsidiaries, for certain hospitals, including behavioral health centers, including Peachford Behavioral Health System of Atlanta ("Peachford-Atlanta"), located at 2151 Peachford Road; Atlanta, Georgia 30338. Defendant UHS of Delaware, Inc. may be served through its registered agent CT Corporation System, 1201 Peachtree Street, NE Atlanta, Georgia 30361.

6.

Defendant UHS of Peachford, L.P., is a Delaware Limited Partnership, and is authorized to transact business in the State of Georgia directly and/or through one or more subsidiary entities, and plaintiffs will seek leave to amend their complaint to join or to substitute related corporate entities as may become appropriate. Defendant UHS of Peachford, L.P., is doing business as Peachford Behavioral Health System of Atlanta, and operates and employs staff at that certain psychiatric and behavioral health hospital located at 2151 Peachford Road, Atlanta, Georgia 30338 ("Peachford-Atlanta"). Defendant UHS of Peachford, L.P. may be served through its registered agent CT Corporation System, 1201 Peachtree Street, NE Atlanta, Georgia 30361.

4

7.

Defendant UHS of Georgia, Inc., is a Delaware Corporation, and is authorized to transact business in the State of Georgia directly and/or through one or more of its subsidiary entities, and plaintiffs will seek leave to amend their complaint to join or to substitute related corporate entities as may become appropriate. Defendant UHS of Georgia, Inc.'s business is owning, operating and employing staff, through its subsidiaries, for certain hospitals, including behavioral health centers, including Peachford Behavioral Health System of Atlanta ("Peachford-Atlanta") located at 2151 Peachford Road; Atlanta, Georgia 30338. Defendant UHS of Georgia, Inc. can be served through its authorized agent for process C T Corporation System, 1201 Peachtree Street, NE; Atlanta, Georgia 30361

8.

Defendant UHS of Georgia Holdings, Inc., is a Delaware Corporation, and is transacting business in the State of Georgia directly and/or through one or more of its subsidiary entities, and plaintiffs will seek leave to amend their complaint to join or to substitute related corporate entities as may become appropriate. Defendant UHS of Georgia Holdings, Inc.'s business is owning, operating and employing staff, through its subsidiaries, for certain hospitals, including behavioral

5

health centers, including Peachford Behavioral Health System of Atlanta

("Peachford-Atlanta") located at 2151 Peachford Road; Atlanta, Georgia 30338.

9.

At all relevant times the Defendants acted by and through their several

officers, employees and agents and are therefore vicariously liable to plaintiffs for

the acts and omissions of their several officers, employees and agents by

application of the doctrine of respondeat superior.

10.

The acts and omissions set forth herein and which will be adduced as

evidence at the trial of this case constitute violations of federal and state (Georgia)

law, were, upon information and belief, part of a wider scheme involving other

time periods and other persons, and plaintiffs will seek to amend their complaint to

join any necessary additional parties and to further set forth the acts and omissions

that constituted this scheme.

11.

This action arises out of the Defendants' various violations of the Federal

False Claims Act 31 USCA Section 3729, et seq., and Georgia's state false

Medicaid claims act O.C.G.A. Section 49-4-168.1 et. seq., and violations of

Sheryln Chisholm's rights against retaliation under the Federal False Claims Act

and Georgia's state false Medicaid claims act as a result of her being harassed and

6

eventually terminated for reporting these Defendants' fraudulent billing practices against the United States of America and the State of Georgia and all other applicable federal and state (Georgia) statutes (31 USCA Section 3730(h) and O.C.G.A. Section 49-4-169.1 et. seq.).

12.

Jurisdiction of this action is conferred upon this Court by 31 USCA Section 3729 et seq. [28 USCA Section 1331 and 31 USCA Section 3732]; jurisdiction is also present pursuant to 31 USCA 3730(b)(1) & (h) as claims are brought by realtor for herself and on behalf of the United States of America and this case presents a federal question for this Court. This Court has supplemental jurisdiction over the state based claims alleged herein pursuant to 28 USC Section 1367 and other applicable authority. Additionally, venue and jurisdiction are proper.

13.

Additionally, this Court has jurisdiction over each of these Defendants pursuant to 31 USCA Section 3732(a), because at least one of these Defendants can be found in and transacts business in the Northern District of Georgia, Atlanta Division. The Georgia False Medicaid Act allows this Court jurisdiction over those claims and these Defendants. O.C.G.A. Section 49-4-168.1, et. seq. 31 USCA Section 3732 (a) provides for nationwide services of process.

7

14.

Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to 31 USCA Section 3730(h) and 31 USCA 3732(a) as at least one of the Defendants is transacting or has transacted business in this District at the times relevant to this action.

15.

Concurrently with the filing of this civil action the relator has, pursuant to 31 USCA Section 3730(b)(2), served the United States with a copy of the Complaint and a written confidential and privileged disclosure of substantially all known material evidence and information related to this complaint. Additionally, pursuant to O.C.G.A. Section 49-4-168.2, relator has made a similar disclosure to the State of Georgia.

## **FACTUAL ALLEGATIONS**

16.

Plaintiff's re-allege paragraphs 1-15, as if set forth fully, herein.

17.

Peachford-Atlanta is an in-patient facility that provides in-patient and out-patient treatment for patients with mental health and chemical dependency disorders. Peachford-Atlanta's advertising claims it offers individualized treatment

plans provided by psychiatrists, registered nurses, counselors and other treatment professionals.

18.

Patients treated in either the out-patient or in-patient programs require a range of treatments and/or therapies, and Peachford-Atlanta accepts patients who are beneficiaries of Medicare and Medicaid programs.

19.

On or about January 7, 2013, the Plaintiff Sheralyn Chisholm began her employment for the Defendants at their Peachford Behavioral Health System of Atlanta, facility located at 2151 Peachford Road, Atlanta, Georgia 30338

20.

Ms. Chisholm worked previously as a regulator for the State of Georgia with its Department of Community Health, Regulatory Facilities Department, as a surveyor of hospital facilities. The Department of Community Health contracts with the Department of Health and Human Services, Centers for Medicare and Medicaid ("CMS"), to survey the assigned facilities. Ms. Chisholm was properly licensed to teach and/or lead the classes and sessions offered at Peachford-Atlanta for its patients.

9

21.

Upon being hired, her initial position was that of Nurse Manger at Peachford-Atlanta. Per hospital policy, Nurse Managers did not lead group or therapy units.

22.

Ms. Chisholm within one (1) month of beginning work as a nurse manager, was chosen to serve on the Peachford Employee Council which is by invitation only, and recognizes outstanding job performance.

23.

In early March 2013, the director of outpatient services at Peachford-Atlanta, K. Michelle Hamm sought out Ms. Chisholm and requested to meet with her. Part of Ms. Hamm's duties included monitoring the therapy sessions (units) offered at Peachford-Atlanta.

24.

During this meeting, Ms. Hamm informed Ms. Chisholm of her concern regarding the Defendants billing practices with regard to patients whose services were being paid by the Medicaid and the Medicare programs.

25.

Ms. Hamm informed Ms. Chisholm that Peachford-Atlanta was billing these providers for services not being performed by its staff.

26.

Peachford-Atlanta offers its services to patients that are Medicare and Medicaid beneficiaries. As a result, Peachford-Atlanta, seeks reimbursements for the services it alleges to render for these patients from the Medicare and Medicaid reimbursement programs.

27.

The Department of Health and Human Services ("DHSS") administers and funds the Medicare program and DHSS funds and administers the Medicaid program through the State of Georgia's Department of Community Health.

28.

Reimbursements from Medicare are regulated by federal law, as they are claims against the United States government. These payments are regulated by and must meet requirements for reimbursement as set by the implementing legislation found at 42 USC Section 1395, et. seq. (Social Security Act). Relevant implementing regulations of the Social Security Act can be found at 42 CFR Parts 403, 412, 413, 414, 419, 424, 482, 485, 486 and 489, and control how reimbursements are paid on behalf of Medicare beneficiaries.

29.

It is unlawful to make false and/or fictitious claims for money against the United States Government under the Medicare system. (31 USC Section 3129; 18 USC Section 287)

30.

Medicaid is a federally funded grant program administered by the State of Georgia through its Department of Community Health, for eligible residents. A portion of claims paid on behalf of the eligible Medicaid recipients are paid out of the United States Treasury. (42 CFR Section 430.0-430.30)  Similarly, a portion of the claims paid on behalf of the eligible Medicaid recipients are paid out of the treasury of the State of Georgia.  The Medicaid program was statutorily implemented pursuant to Title XIX of the Social Security Act, 42 USC Sections 1396, et seq.

31.

It is likewise illegal to make false claims against the United States, and the State of Georgia under the Medicaid program.

32.

By becoming a participating provider for Medicare and Medicaid, enrolled providers agree to abide by the rules, regulations, policies and procedures governing reimbursements.

33.

Among the rules and regulations enrolled providers, similar to Peachford-Atlanta, agree to follow, include (1) billing only for services that are medically necessary; (2) not to bill for services not performed, nor submit false or inaccurate information to either programs administrators regarding services it seeks reimbursement for; (3) be fully licensed and not bill for staff that are not fully licensed; (4) not engage in any illegal activities regarding the furnishing of services to recipients.

34.

Patients at Peachford-Atlanta are grouped into two separate and distinct programs for their treatment. Each program has separate treatment programs, therapies, guidelines, procedures and goals. The in-patient program, for patients requiring constant supervision, include having the patients reside at the facility. These patients required constant therapy, support and monitoring.

35.

The other program known as the out-patient program, includes patients that have made sufficient progress to be moved to this program, or patients who upon admission did not require constant supervision, monitoring and/or therapy. Out-patients were not required to reside at the facility. This program required a separate, specific and different treatment regime from the in-patient, patients.

36.

All patients are required to be under the supervision of a physician who certifies that their treatment is medically necessary.

37.

The Out-Patient and In-Patient programs center upon a Unit based therapy scheme, wherein patients attend a minimum of 4 separate and distinct therapy sessions (Units) for each day of treatment at Peachford-Atlanta.

38.

The Units range from 45 minutes to one (1) hour, and were required to be taught or lead by a qualified member of staff.

39.

Each unit is billed to Medicare and/or Medicaid separately, and Peachford-Atlanta is reimbursed by Medicare and Medicaid for each of the four (4) units offered to its patients, per day.

40.

Out-patients attend 4 one-hour units of therapy per day for five (5) days a week, and in-patients attend 4 one-hour units of therapy per day for seven (7) days per week.

41.

Medicare and Medicaid are billed a total of ($1000.00) per patient, per four (4) unit day of therapy for in-patient beneficiaries, and ($800.00) per patient, per (4) unit day of therapy for out-patient beneficiaries.

42.

Ms. Hamm disclosed to Ms. Chisholm and she confirmed that Peachford-Atlanta was billing Medicaid and Medicare for as many as 3 units per day, per patient that were simply not provided to patients, in both programs.

43.

Ms. Chisholm also determined that from 01/01/2013 to 04/19/2013, Peachford-Atlanta admitted 97 patients who were Medicare beneficiaries and at least 29 patients that were Medicaid beneficiaries.

44.

Ms. Chisholm's immediate concern was for the patients not receiving the therapy that their treatment plans required.

45.

Ms. Hamm and Ms Chisholm both agreed to continue to investigate this matter and work toward resolving these issues regarding patients not receiving their required therapy units.

15

46.

They also agreed to investigate and confirm whether Medicare and Medicaid were being billed for services not rendered by Peachford-Atlanta.

47.

As Ms. Chisholm began her investigation, she found out from nurse, Lori Beullah, that Defendants were assigning out-patient patients to sit it on her in-patient therapy unit sessions.

48.

These sessions were billed to Medicare and Medicaid, as if they happened separately, and were taught by separate nurses. When Ms. Chisholm asked her about this practice, Ms. Beullah remarked that it had always been done this way at Peachford-Atlanta.

49.

Ms Chisholm discovered further, that nursing assessments were not being done for patients upon being admitted to the facility, nor were updated nursing assessments being done for patients at the facility. Defendants were billing and seeking reimbursements from Medicaid and Medicare as if these assessments were being performed.

50.

Additionally, in late March 2013, Kristen McCoy, Director of Utilization Review, began to pressure the staff to go back into patients' files and mark up their files to better justify the billing.

51.

Ms. Chisholm refused to do so and explained that she could not make documentations on patients' files for events that she did not participate in, nor witness.

52.

Ms. Chisholm further discovered that, Peachford-Atlanta was allowing non-licensed and unqualified staff (MHA's) to lead and teach certain therapy units.

53.

These units were being billed as if licensed nurses led the sessions, and at that particular time, Peachford-Atlanta did not have a waiver in place for this practice to occur.

54.

Ms. Chisholm also sat in on staff meetings wherein Ms. McCoy and supervising physicians would structure the physicians' treatment recommendations to max out all Medicare and Medicaid benefits available, despite the patients' actual treatment needs.

17

55.

During Ms. Chisholm's tenure at Peachford-Atlanta, she noticed an unusually high number of patients having to be re-admitted for treatment after they had been initially discharged.

56.

During her investigation, Ms. Chisholm realized that her own computer security code had been breached.

57.

Defendants billed Medicaid and Medicare for patients attending a psycho-educational therapy group session (Unit) on 4/16/2013 at 10:15 am, that Ms. Chisholm did not teach.

58.

As Ms. Chisholm began to investigate this incident, she determined that Defendants had billed for at least eleven (11) patients to Medicare and Medicaid using her billing identification for a therapy session that she did not teach, nor attend.

59.

Ms. Chisholm also discovered that Defendants were billing Medicare and Medicaid for units that were not being taught by using former employees, or fake employees' names, as the group leaders for these fictitious unit sessions.

60.

Ms Chisholm also determined that Defendants were billing Medicare and Medicaid patients using a part-time nurse, as if she worked as a full time nurse group (unit) leader, for units that occurred when that employee simply was not working.

61.

Upon reporting her findings to Ms. Hamm, and reviewing Ms. Hamm's own investigation, Ms. Hamm exclaimed to Ms. Chisholm, "We are committing Medicare (Medicaid) fraud" here at Peachford-Atlanta.

62.

Ms. Chisholm and Ms. Hamm documented that the psycho-education session (Unit) had been billed for, and never taught at Peachford-Atlanta as far back as 2008.

63.

Ms. Hamm sent an email to Defendants CEO and COO regarding her and Ms. Chisholm's findings.

64.

Ms. Chisholm contacted the Defendants fraud hotline and reported the breach of her security code and the unauthorized billing for services using her

19

identification for classes (units) and for patients she did not teach nor lead therapy unit sessions for.

65.

Ms. Chisholm was contacted by her supervisor Rebecca Hayes, and informed that all such disclosures and findings should be kept "in-house" and not reported to any other persons, including the Defendants fraud hotline.

66.

Ms. Chisholm again contacted the hot-line and complained that her report had been leaked to her supervisor at Peachford-Atlanta and that she was being harassed.

67.

Subsequently, Ms. Chisholm began to be excluded from staff and Department head meetings.

68.

Here supervisor continued to harass her, and indicated to other employees that Ms. Chisholm may not be at Peachford-Atlanta much longer.

69.

During her five (5) months employed by these defendants, Ms. Chisholm never received any negative feedback regarding her job performance and had received commendation for her good performance.

20

70.

However, on May 13, 2013, she was provided her first job performance appraisal and promptly terminated from her position. She was escorted out of the building immediately and pressured to sign a release of any claims under the false claim act, and for retaliation.

## COUNT ONE (FALSE CLAIM ACT 31 USC SECTION 3729(a)(1))

71.

Plaintiffs' re-allege paragraphs 1-70, as if set forth fully, herein.

72.

These Defendants presented to the United States government, through its various departments, agencies, officers and agents, false and/or fraudulent claims for which the payment of which was sought, and made, for certain services for patients admitted to the Defendants' Peachford-Atlanta facility which were not performed.

73.

Defendants presented, or caused to be presented, such false and/or fraudlent claims with knowledge of their falsity, or with grossly negligent or reckless disregard of the facts and conditions that would indicate that such claims were false and/or fraudulent.

74.

The United States, by and through its various departments, agencies, officers and agents, were unaware of the falsity of these above referenced claims, and made payments to these Defendants based on there representations, that would not have otherwise been paid.

75.

As a direct and proximate result, of these payments, the United States has suffered damages by paying these false and fictitious claims in an amount to be proven at trial. Because the opportunity existed for these Defendants to continue to make false and fraudulent claims after Ms. Chisholm's termination, and before she was hired, at Peachford-Atlanta, and at other of the Defendants locations, the United States may have been damaged in a greater amount than set forth herein.

76.

As a direct and proximate result of these Defendants acts and/or omissions, a civil penalty and treble damages in amount allowed by 31 USC 3729(a) should also be assessed for each false and/or fraudulent claim made on the United States of America.

## COUNT TWO (FALSE CLAIMS ACT 31 USC SECTION 3729(a)(2))

77.

Plaintiffs' re-allege paragraphs 1-76, as if set forth fully, herein.

78.

These Defendants made, used or caused to be made or used, false records and/or statements for the purpose of having false and/or fraudulent claims paid or approved by the United State government.

79.

Defendants made, used, or caused to made or used, false documents, records or statements with knowledge of their falsity, or with grossly negligent or reckless disregard of facts and conditions that would indicate that such records and/or statements were false.

80.

The United States, by and through its various departments, agencies, officers and agents was unaware of the falsity of the above referenced records and/or statements, and in reliance upon the accuracy of said records and statements, made payments to one or more of these Defendants for claims that would not otherwise have been allowed.

81.

As a direct and proximate consequence, the United States government has suffered damages by paying these false and fictitious claims in an amount to be proven at trial. Because the opportunity to engage in the false and fraudulent practices enumerated in this complaint existed prior to Ms. Chisholm's being hired,

and after her termination, the United States may have been damaged in a more significant amount.

82.

As a direct and proximate result of the defendants' acts and/or omissions, a civil penalty and treble damages in amount allowed by 31 USC 3729(a) should also be assessed for each false and/or fraudulent claim made on the United States of America.

## COUNT THREE (FALSE CLAIMS ACT 31 USC SECTION 3729(a)(3))

83.

Plaintiffs' re-allege paragraphs 1-82, as if set forth fully, herein.

84.

Based on the acts and omissions as set forth herein in this complaint, one or more of these Defendants conspired to defraud the United States government in violation of 31 USC Section 3729(a)(3), by having false and/or fraudulent claims allowed or paid to the damage of the United States government. The United States, by and through its various departments, agencies, officers and agents was unaware of said conspiracy and in reliance upon the representations made and the accuracy of the records and statements submitted by these Defendants made certain payments that would not have been otherwise allowed.

24

85.

As a direct and proximate result, of these payments, the United States has suffered damages by paying these false and fictitious claims in an amount to be proven at trial. Because the opportunity existed for these Defendants to continue to make false and fraudulent claims after Ms. Chisholm's termination, and before she was hired, at Peachford-Atlanta, and at other of the Defendants locations, the United States may have been damaged in a greater amount than set forth herein.

86.

As a direct and proximate result of the defendants' acts and/or omissions, a civil penalty in amount allowed by 31 USC 3729(a) should also be assessed and treble damages for each false and/or fraudulent claim made on the United States of America.

## **COUNT FOUR (FALSE CLAIMS ACT 31 USC SECTION 3730(h)**

87.

Plaintiffs' re-allege paragraphs 1-86, as if set forth fully, herein.

88.

After reporting the false claims outlined above, the Defendants targeted Ms. Chisholm by harassing her, not allowing her to attend Department head meetings, and telling other staff she was about to be terminated.

89.

25

As a direct and proximate result of Ms. Chisholm reporting the false claims outlined here, these Defendants wrongfully discharged her from her position in retaliation of her disclosures.

90.

While employed by these defendants Ms. Chisholm was paid ($62,000.00) per year, and after her wrongful termination, she missed six (6) months of work. Ms. Chisholm eventually found new employment but for less than she made while employed by Defendants.

91.

As a direct and proximate result of her wrongful termination and harasment, Ms. Chisholm suffered loss of pay (back pay), special damages, general damages, and is entitled to front pay in an amount to equal her pay with Defendants, interest, and an award of two (2) times here back pay because of the Defendants retaliation as prohibited by 31 USC Section 3730(h). Ms. Chisholm further requests a judgment for all damages allowed by law.

92.

Ms. Chisholm is also entitled to an award of her attorneys fees and costs of litigation.

## COUNT FIVE (VIOLATION OF O.C.G.A. SECTION 49-4-168.1 ET SEQ-STATE FALSE MEDICAID CLAIMS ACT)

26

93.

Plaintiffs' re-allege paragraphs 1-92, as if set forth fully, herein.

94.

As set forth above, Defendants, by and through its agents, officers and employees, knowingly presented, or caused to be presented to the Georgia Medicaid program numerous false or fraudulent claims for payment or approval, in violation of O.C.G.A. Section 49-4-168.1(a)(1).

95.

As set forth above, Defendants, by and through its agents, officers and employees, knowingly made, used or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Georgia Medicaid program, in violation of O.C.G.A. Section 49-4-168.1(a)(2).

96.

As set forth above, Defendants, by and through their agents, officers and employees, knowingly made, used or caused to be made or used a false record or statement material to a Medicaid claim and thus Conspired to commit a violation of O.C.G.A. Section 49-4-168.1(a)(1)(2)&(7) a violation of O.C.G.A. Section 49-4-168(a)(3).

97.

As set forth above, Defendants, by and through their agents, officers and employees, knowingly made, used or caused to be made or used a false record or statement material to an obligation to pay or transmit money or property to the State of Georgia, in violation of O.C.G.A. Section 49-4-168.1(a)(7).

98.

Due to the Defendants' conduct, the State of Georgia has suffered substantial monetary damages.

99.

The State of Georgia is entitled to treble damages based upon the amount of damage sustained by the State of Georgia as a result of the aforementioned violations of the State False Medicaid Claims Act, O.C.G.A. Section 49-4-168.1 et seq., in an amount to be proven at trial.

100.

The State of Georgia is entitled to a civil penalty of between $5,500 and $11,000 as required by O.C.G.A. Section 49-4-168.1 for each of the fraudulent claims. Relator is also entitled to reasonable expenses which the Court finds to have been necessarily incurred and reasonable attorneys fees and costs, pursuant to O.C.G.A. Section 49-4-168.1(i)(2).

## **COUNT SIX-(VIOLATION OF O.C.G.A. SECTION 49-4-168.4 ET SEQ-STATE FALSE MEDICAID CLAIMS ACT)**

101.

Plaintiffs' re-allege paragraphs 1-100, as if set forth fully, herein.

102.

After reporting the false claims outlined above, the Defendants targeted Ms. Chisholm by harassing her, not allowing her to attend Department head meetings, and telling other staff she was about to be terminated.

103.

As a direct and proximate result of Ms. Chisholm reporting the false claims outlined here, these Defendants wrongfully discharged her from her position in retaliation of her disclosures.

104.

While employed by these defendants Ms. Chisholm was paid ($62,000.00) per year, and after her wrongful termination, she missed six (6) months of work. Ms. Chisholm eventually found new employment but for less than she made while employed by Defendants.

105.

As a direct and proximate result of her wrongful termination and harasment, Ms. Chisholm suffered loss of pay (back pay), special damages, general damages,

29

and is entitled to an award in an amount to equal her special damages, interest, and an award of two (2) times here back pay because of the Defendants retaliation as prohibited by O.C.G.A. Section 49-4-168.4 et seq. Ms. Chisholm further requests a judgment for all damages allowed by law.

106.

Ms. Chisholm is also entitled to an award of her attorneys fees and costs of litigation. O.C.G.A. Section 49-4-168.4(b).

## COUNT SEVEN-(ATTORNEYS FEES)

107.

Plaintiffs' re-allege paragraphs 1-100, as if set forth fully, herein.

108.

The conduct of these Defendant(s) has been without substantial justification in that it is frivolous, groundless and vexatious.

109.

The Defendant(s) have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense.

110.

Plaintiffs are entitled to an award of their litigation costs and attorneys' fees under all applicable statutory and common law authority.

30

111.

Additionally, Plaintiffs are entitled to an award of their litigation costs including his reasonable attorneys' fees against these Defendants pursuant to all applicable Federal and State (Georgia) statutory and common law authority.

Wherefore, Plaintiffs pray for the following relief, *to wit*:

(a) Ms. Chisholm prays for an appropriate percentage awarded to her of all amounts collected by the United States and the State of Georgia for the false claims made by these Defendants;

(b) Plaintiffs pray for an order enjoining Defendants from such practices in the future;

(c) Plaintiffs pray for an award of all compensatory, special, general, nominal statutory damages, treble damages and civil penalties as allowed by law for the Defendants various violations of 31 USC Sections 3729 (a)(1)(2) & (3), and all other applicable sections of the Federal False Claims Act;

(d) For an award of compensatory, special, general, nominal, statutory damages, and back pay, front pay, interest and two times back pay for the Defendants harassment and retaliatory discharge of Ms. Chisholm in violation of 31 USC Section 3730(h) and all other applicable sections of federal law;

(e) For an award of all compensatory, special, general, nominal statutory damages, treble damages and civil penalties as allowed by law for the

31

Defendants various violations of O.C.G.A. Section 49-4-168.1(a)(1)(2)(3) & (7) et seq, and all other applicable sections of the State False Medicaid Claims Act;

(f) For an award of compensatory, special, general, nominal, statutory damages and back pay, other special damages, interest and two times back pay for the Defendants harassment and retaliatory discharge of Ms. Chisholm in violation of O.C.G.A. Section 49-4-168.4 and all other applicable sections of state law;

(g) For all reasonable costs of litigation, to include attorneys' fees, that these Plaintiffs have incurred in the bringing of this action;

(h) That this amendment to the complaint be filed under seal until further order from this honorable court and relate back to the December 17, 2013 filing of the initial complaint;

(i) For such other and further relief as this Court deems just and proper.

This 12th day of June, 2015

MICHAEL P. PRYOR, P.C.

/S/ Michael P. Pryor

Michael P. Pryor
Ga Bar No. 598147
Attorney for Plaintiffs

333 Sandy Springs Cir. NE
Suite 205
Atlanta, Georgia 30328
(404) 236-2432
(404) 236-2437 (fax)
Michael.pryor@ridleyandpryorlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THE UNITED STATES OF
AMERICA, by and through its relator,
*ex rel.,* SHERALYN CHISHOLM,
THE STATE OF GEORGIA, by and
through its relator, SHERALYN
CHISHOLM AND SHERALYN
CHISHOLM, individually,

      Plaintiffs,

v.

UNIVERSAL HEALTH SERVICES
INC.; UHS OF DELAWARE, INC.,;
UHS OF PEACHFORD, L.P., d/b/a,
Peachford Behavioral Health System of
Atlanta; UHS OF GEORGIA, INC. and
UHS OF GEORGIA HOLDINGS,
INC.

      Defendants.

Jury Trial Demanded

CIVIL ACTION NO. 1:13-CV-4172

## *CERTIFICATE OF SERVICE*

I hereby certify that, on this 15th day of JUNE, 2015, I served via first class
mail the below referenced counsel of record with the Plaintiff's Amendment to
Complaint and service was made via said FIRST CLASS MAIL to counsel for and
all counsel of record, *to wit*:

Emily Shingler, AUSA
United States Attorneys Office
Northern District of Georgia

75 Springs Street, S.W., Suite 600
Atlanta, Georgia 30303

This 15th day of JUNE, 2015

MICHAEL P. PRYOR, P.C.

/S/ Michael P. Pryor
_____
Michael P. Pryor
Ga Bar No. 598147
Attorney for Plaintiffs

333 SANDY SPRINGS CIR, NE
SUITE 205
ATLANTA, GEORGIA 30328
404.236.2432
404.236.2437 (FAX)
Michael.pryor@ridleyandpryorlaw.com